**Shu Hua TAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–71430.
INS No. A28–957–977.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2003.

Decided July 7, 2003.

Before B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District

Judge.*

## MEMORANDUM**

Shu Hua Tan, a citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider.

### I.

Petitioner arrived in the United States on March 29, 1988. On April 2, 1988, the INS initiated deportation proceedings against him. Petitioner failed to appear at his hearing, and was ordered removed *in absentia* on August 31, 1988.

On June 11, 1992, Petitioner moved to reopen the proceedings based upon his marriage to a citizen of the United States. Petitioner claimed that he never received notice of the earlier hearing. The Immigration Judge denied the motion, and the BIA affirmed on April 8, 1996. Petitioner did not seek judicial review of the BIA's decision.

On March 24, 1997, Petitioner filed a second motion to reopen directly with the BIA. Petitioner based this motion on the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 8 U.S.C. § 1101(a)(42), which designated a well-founded fear of involuntary sterilization as a basis upon which to apply for asylum.[1] Petitioner also based this second motion to reopen on his status as the father of two children (born November 2, 1991 and June 16, 1995). Petitioner supplemented his motion to reopen with an application for asylum on March 25, 1998.

On November 9, 2001, the BIA denied Petitioner's second motion to reopen on the ground that he had failed to submit evidence sufficient to establish prima facie eligibility for asylum. Petitioner did not seek judicial review of that decision, but did ask the BIA to reconsider. The BIA denied the motion to reconsider on December 13, 2001, stating that Petitioner had not identified an error of fact or law in the BIA's review of the motion to reopen. Petitioner now seeks review of the denial of his motion to reconsider.

### II.

This court reviews the denial of a motion to reconsider for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). Because Petitioner did not seek judicial review within thirty days of either the order of deportation or the denial of his two motions to reopen, those orders are final and unreviewable. *Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that because an order of deportation is a final order, the filing of a subsequent motion to reconsider does not toll the time in which to seek judicial review); *Arrozal v. INS*, 159 F.3d 429, 434 n. 3 (9th Cir.1998) (denial of a motion to reopen is also a final order).

---

\* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Section 1101(a)(42) states: "For purposes of determinations under this Act, a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion."

We therefore review only the denial of the motion to reconsider.

Title 8, Section 1003.2(b) of the Code of Federal Regulations (formerly codified at 8 C.F.R. § 3.2(b)) states that a motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." Here, the entire motion to reconsider states:

> On behalf of the above-mentioned respondent, we hereby request that the court reconsider its decision to deny applicant's appeal for the following reasons:

> Respondent's wife is U.S. [sic] citizen, and they had two U.S. born children. If the respondent is deported back to China, he will be forcibly sterilized by Chinese government because he violated the Family Planning policy. (Supporting documents will be filled separately.)

> WHEREFORE, respondent requests reconsideration of the decision denying the motion to reopen.

The BIA denied Petitioner's motion to reopen because he failed to submit evidence sufficient to establish a prima facie case that he would face persecution in China. Petitioner's motion to reconsider did not point out how his evidence was sufficient. Nor did it state an error of law. Therefore, the motion to reconsider was properly denied.

**PETITION DENIED.**