Tarsem SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70643.

Agency No. A75–259–223.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Tarsem Singh, Visalia, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carl H. McIntyre, Jr., John L. Davis, U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Tarsem Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence the IJ's determination

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of an applicant's eligibility for asylum, including any adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Even if Singh's testimony were deemed credible, substantial evidence supports the IJ's conclusion that Singh's fear of future persecution is not well-founded because Singh did not carry his burden of adducing "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution" at the hands of the Indian police. *Arriaga–Barrientos v. INS*, 937 F.2d 411, 413 (9th Cir.1991).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1031 (9th Cir.2000).

We also deny Singh's petition for review of the BIA's decision denying his motion to reopen to seek relief under the Convention Against Torture. The BIA did not abuse its discretion by denying Singh's motion because he failed to make a prima facie showing that it was more likely than not that he would be tortured if removed to India. *See* 8 C.F.R. §§ 208.16(c)(2)(4), 208.18(b)(2); *Cano–Merida v. INS*, 311 F.3d 960, 965–66 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**