**Gurdeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71715.**

**Agency No. A75–314–516.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

Earle A. Sylva, Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Alicia D. Johnson, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Gurdeep Singh, a native and citizen of India, appeals the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's denial of his application for asylum and withholding of removal, and the BIA's denial of Singh's motion to remand for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the BIA's decision that petitioner did not establish eligibility for asylum, *Cardenas v. INS,*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

294 F.3d 1062, 1065 (9th Cir.2002), and for an abuse of discretion the denial of a motion to remand, *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000). We deny the petition for review.

Substantial evidence supports the BIA's denial of Singh's asylum application because Singh failed to demonstrate that his mistreatment by the Indian police was motivated, at least in part, by an enumerated ground. *Cf. Borja v. INS*, 175 F.3d 732, 736 (9th Cir.1999) (en banc).

Because Singh failed to qualify for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Further, the BIA did not abuse its discretion in denying Singh's motion to remand because Singh did not make a prima facie showing of eligibility for relief under the CAT. *See Cano–Merida v. INS*, 311 F.3d 960, 966 (9th Cir.2002).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**