**Balbir Kaur SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73503, A73–419–542.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided Aug. 13, 2004.

Martin Resendez Guajardo, Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, M. Jocelyn Wright, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM *

Balbir Kaur Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reconsider. We deny the petition for review. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002) (denial of a motion to reconsider is reviewed for abuse of discretion, with de novo review for purely legal questions).

The government argues that Singh's failure to appeal the denial of her motion to reopen limits the scope of our review. In this case, however, "the BIA in denying the motion [to reconsider] adopted the underlying reasoning and holding of its prior opinion," *Ma v. Ashcroft,* 361 F.3d 553, 557 (9th Cir.2004), stating: "Our prior order is affirmed." We therefore "look to" the BIA's underlying August 2001 order denying Singh's motion to reopen. *Id.*

Motions to reconsider are required to "specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(5)(C). Singh moved for reconsideration based on a memorandum by the INS General Counsel. The memorandum provides only that on application, the INS "may" join in a motion to reopen under circumstances similar to Singh's. The onus is on "respondent's representative" to "request INS consent to file a motion to reopen." There is no indication in the record that consent was given. The BIA thus did not make any error of fact or law with regard to the memorandum.

Nor did the BIA err in denying reconsideration of Singh's argument concerning

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*In re M–S–*, 22 I. & N. Dec. 349, 1998 WL 769392 (BIA 1998) (en banc). *M–S–* holds that individuals ordered deported in absentia who were not given oral warnings of the consequences of failing to appear may move to reopen in order to apply for adjustment of status without first complying with the "exceptional circumstances" requirement for motions to rescind in absentia deportation orders. *Id.* at 353–55. This procedure entails compliance with the regular requirements for motions to reopen, including timeliness. *Id.* at 357. The alien in *M–S–*, who received proper written notice, filed a timely motion to reopen. *Id.* at 350–51; *see also* 8 C.F.R. § 3.2(c)(2) (1998).

Singh, by contrast, filed her motion to reopen seeking adjustment of status more than three years after the entry of her in absentia order of deportation. Singh contends that the BIA abused its discretion in denying reconsideration because the absence of proper written notice of her hearing excepts her from the 90–day filing deadline for relief under *M–S–*. This argument is without merit.

Even assuming the written notice was improper because it was not sent by certified mail, there is uncontested evidence in the record that Singh's representation concerning her whereabouts at the time of the last written notice was false and was designed to trigger termination of proceedings on the ground that she was no longer present in the United States. Under these circumstances, the BIA did not abuse its discretion by applying to Singh the *M–S–* time limit for motions to reopen, applicable to others ordered deported in absentia but not given oral warnings of the consequences of failure to appear.

Singh also contends that the BIA should have informed her of possible eligibility for repapering. Although the government argues that Singh did not exhaust this claim, she became eligible for repapering after filing her motion to reconsider. Exhaustion was therefore not possible, as petitioners are limited to one motion to reconsider. *See* 8 U.S.C. § 1229a(c)(5)(A).

The regulation Singh cites to support her contention does not apply, as it no longer existed at the time of the BIA's decision. The current equivalent is 8 C.F.R. § 1240.11(a)(2), which addresses an IJ's obligations. In any event, Singh's reasoning is unavailing. Informing petitioners of apparent eligibility for relief is mandatory for IJs, not the BIA. *See Valderrama–Fonseca v. INS*, 116 F.3d 853, 857 (9th Cir.1997).

**PETITION FOR REVIEW DENIED.**