**Annabelle Gonzales TUAZON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73613.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 17, 2004.

Maziar Razi, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, Allen W. Hausman, Attorney, San Francisco, CA, Michele Y.F. Sarko, Attorney, Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FERNANDEZ, SILVERMAN, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Annabelle Tuazon petitions for review of the BIA order affirming the immigration judge's denial of cancellation of removal for failure to establish exceptional and ex-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tremely unusual hardship. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Tuazon argues that the IJ denied her due process when he cut short the testimony of her distraught eight-year-old daughter. However, trial judges, including immigration judges, have broad discretion in receiving evidence and controlling witnesses. *See United States v. Anderson,* 532 F.2d 1218, 1229 (9th Cir.1976). The IJ received a written statement prepared by the child, and he was able to observe her demeanor while on the stand. Furthermore, the child's psychologist and Tuazon herself gave extensive testimony on difficulties that would face the youngster upon her return to the Phillippines. By limiting the child's testimony, the immigration judge did not deprive Tuazon of a reasonable opportunity to present evidence on her behalf. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002).

Due process requires that petitioner be given a full and fair hearing. Tuazon's hearing was not "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (quoting *Platero–Cortez v. INS,* 804 F.2d 1127, 1132 (9th Cir.1986)). Her claim, therefore, does not rise to the level of a constitutional violation.

**PETITION DENIED.**