Retno WAHYUNI; et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73507.
Agency Nos. A78–586–434, A78–586–
435, A78–586–436, A78–586–437.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Kaaren L. Barr, Seattle, WA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS–District Counsel, Seattle, WA, Joan E. Smiley, Richard M. Evans, Mary K. Doyle, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Petitioners Retno Wahyuni, Achmad Nurdin, Audi Irawan and Livi Adelia, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Immigration Judge's ("IJ") order denying their applications for asylum, withholding of removal and for protection under the Convention Against Torture ("CAT").

■ We lack jurisdiction to review the IJ's determination that Wahyuni's asylum application is time-barred, and accordingly we dismiss the petition for review as to the asylum claims. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001); 8 U.S.C. § 1158(a)(3).

We have jurisdiction under 8 U.S.C. § 1252(a) over the petition insofar as it concerns petitioners' claims for withholding of removal and relief under CAT. *Id.* at 816. "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *see Hakeem*, 273 F.3d at 816, and we deny the petition.

■ Substantial evidence supports the IJ and BIA's finding that Wahyuni did not establish that she and her family were more likely than not to suffer persecution upon their return to Indonesia. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). The three isolated incidents that occurred against Wahyuni and her family during a one week period in March 1995, although unfortunate, are not so overwhelming as to compel a finding of past persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (holding that minor abuse during four to six hour detention did not compel finding of past persecution). Moreover, the record supports the IJ's finding that the incidents were isolated criminal misconduct.

■ Substantial evidence supports the BIA's denial of Wahyuni's CAT claim. *See Cano–Merida v. INS*, 311 F.3d 960, 966

(9th Cir.2002) (requiring that petitioner establish that he is in danger of torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity") (internal citation and quotation omitted).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**