**Masis HAKOBYAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 04–70124.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Masis Hakobyan, Glendale, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Rena I. Curtis, Esq., DOJ–U.S. Department of Justice Civil Div., Washington, DC, for Respondent.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Masis Hakobyan, a native of Iran and citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because there are material inconsistencies between Hakobyan's testimony and declaration that go to the heart of his asylum claim, including inconsistencies regarding his encounters with the police and whether his workplace was destroyed by arson. *See id.* at 1043. Even assuming Hakobyan is credible, substantial evidence also supports the IJ's determinations that the events Hakobyan describes fail to rise to the level of past persecution and fail to establish an objectively well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995).

Because Hakobyan fails to demonstrate that he is eligible for asylum, it follows that he does not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Hakobyan's challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003). His due process contentions regarding his asylum hearing are without merit, and he fails to demonstrate that any alleged due process violation affected the outcome of the proceedings. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002) (stating that a due process violation requires a showing of prejudice).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

