Maria Del Carmen RAMOS–
MERINO, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71522.

Agency No. A70–945–934.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 15, 2005.

Marc A. Karlin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, TASHIMA and FISHER, Circuit Judges.

MEMORANDUM **

Maria del Carmen Ramos–Merino, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") order denying her motion to reopen removal proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *see INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992), and we deny the petition for review.

An alien who is ordered removed *in absentia* may have the removal order rescinded upon a motion to reopen if the failure to appear was caused by "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i). The BIA did not abuse its discretion when it denied Ramos–Merino's motion to reopen because her excuse that she forgot the time and date of her hearing due to child care and business concerns does not qualify as an exceptional circumstance. *See Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000). Further, Ramos–Merino did not establish eligibility for relief from removal at the time she failed to appear for her hearing. *See Cano–Merida v. INS,* 311 F.3d 960, 965–66 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.