**Martin PEREZ–LIMON, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76268.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alejandro Garcia, City of Commerce, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., Shelly R. Goad, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Martin Perez–Limon, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider and de novo claims of due process violations. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reconsider because Perez–Limon failed to show an error of fact or law in the BIA's order denying reopening. First, Perez–Limon failed to present evidence with his motion to reopen that his qualifying relative would suffer the requisite hardship. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003). Thus, the denial of the motion did not violate his due process rights. Second, Perez–Limon filed his motion to reopen

** This disposition is not appropriate for publication and may not be cited to or by the

after the voluntary departure period had expired and he failed to establish that the statutory bar in 8 U.S.C. § 1229c(d) did not apply. *See de Martinez v. Ashcroft,* 374 F.3d 759, 763–64 (9th Cir.2004).

Perez–Limon's contention that 8 U.S.C. § 1229c(d) violates his right to equal protection fails. *See id.* at 764.

## PETITION FOR REVIEW DENIED.