**Kulwinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72867.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Inna Lipkin, Esq., Law Offices Of Inna Lipkin, Redwood City, CA, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark D. Chutkow, Esq., Office of the United States Attorney, Detroit, MI, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Kulwinder Singh, a native of Kuwait and citizen of India, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Prasad v. INS,* 47 F.3d 336, 338–39 (9th Cir.1995), we dismiss in part and deny in part the petition for review.

In the absence of an explicit adverse credibility finding, we take Singh's testimony as true and further corroboration is not required. *See Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000).

We lack jurisdiction to review the agency's factual determination that Singh's asylum application was untimely and that he failed to demonstrate extraordinary or changed circumstances to excuse his untimely filing. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales,* 427 F.3d 1218, 1221 (9th Cir.2005) (holding that the court has jurisdiction to review determinations regarding the one-year asylum bar only "insofar as a petition for review raises constitutional claims or questions of law").

Singh's claim for withholding fails because the record would not compel a reasonable fact-finder to conclude that Singh established that he was persecuted in India, *see Prasad,* 47 F.3d at 339–40, or that it is more likely than not that he will be persecuted if returned to India. *See Hox-*

ha v. Ashcroft, 319 F.3d 1179, 1185 (9th Cir.2003).

In addition, Singh's CAT claim fails because a reasonable factfinder would not be compelled to conclude that Singh established that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Cano–Merida v. INS,* 311 F.3d 960, 966 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

