**Diogenes Jaimes SANCHEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70271.

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2006.*

Filed Sept. 6, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alma Cobos–Ayala, Law Offices of Cobos & Ayala, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Virginia Lum, Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

## AMENDED MEMORANDUM **

■ Diogenes Jaimes–Sanchez and his wife Ofelia Pena–Garcia, natives and citizens of Mexico, petition for review of the order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of their application for cancellation of removal. We deny the petition because Jaimes–Sanchez and Pena–Garcia must establish that they are persons of good moral character, 8 U.S.C. § 1229b(b)(1), but cannot do so in light of their $1000 payment to a smuggler to bring another alien illegally into this country. 8 U.S.C. §§ 1101(f), 1182(a)(6)(E)(i); *Khourassany v. INS*, 208 F.3d 1096 (9th Cir.2000) (holding that alien who paid smuggler to bring wife and child into the United States illegally is not considered to be of good moral character). While doing so was undoubtedly for a good purpose from their point of view, no exceptions apply to Jaimes–Sanchez and Pena–Garcia. The IJ did not err by failing to consider discretionary relief under § 1182(d)(11), because neither Jaimes–Sanchez nor Pena–Garcia meets the criteria for eligibility. *See Khourassany*, 208 F.3d at 1101; *but see Moran v. Ashcroft*, 395 F.3d 1089 (9th Cir.2005) (suggesting, in dicta, that waiver would be available).

■ In any event, the IJ ruled that Jaimes–Sanchez and Pena–Garcia could not establish that their removal "would

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

result in exceptional and extremely unusual hardship" to a qualifying family member. 8 U.S.C. § 1229b(b)(1). Their due process challenge fails, as the IJ did not err in excluding evidence and testimony whose relevance was not apparent at the time of the hearing, and the IJ's conduct at the hearing did not rise to the level of a constitutional violation. *Cf. Reyes–Melendez v. I.N.S.*, 342 F.3d 1001, 1006–07 (9th Cir.2003) (noticeably aggressive IJ, who "offered a stream of non-judicious and snide commentary" and rendered an order "replete with sarcastic commentary and moral attacks," violated petitioner's due process right to impartial adjudication); *Cano–Merida v. INS*, 311 F.3d 960, 964–65 (9th Cir.2002) (IJ's off-the-record comments to alien petitioner prior to the presentation of oral testimony or documentary evidence that he had no viable asylum claim, along with prejudicial evidentiary rulings during hearing, denied petitioner his due process right to impartial adjudication); *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (IJ who stated at the outset of hearing that he had "no idea what the basis for the [asylum] claim is," and who "behaved not as a neutral fact-finder interested in hearing the petitioner's evidence, but as a partisan adjudicator seeking to intimidate [petitioner] and his counsel," was not impartial). Accordingly, the IJ's hardship ruling provides an independent and adequate ground for denial of cancellation of removal.

PETITION DENIED.