**Pushpinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76319.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Pushpinder Singh, Yuba City, CA, pro se.

Ronald E. LeFevre, Manuel A. Palau, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Pushpinder Singh, a native and citizen of India, petitions pro se for review of an order of the Board of Immigration Appeals summarily affirming without opinion an immigration judge's ("IJ") order denying his motion to reopen deportation proceedings in which he was ordered deported in absentia. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we deny the petition for review.

█ We conclude that the IJ did not abuse his discretion in denying Singh's motion to reopen as untimely, as it was filed more than six years after his deportation order. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) ("An order entered in absentia in deportation proceedings may be rescinded only upon a motion to reopen filed ... [w]ithin 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien....").

█ Singh's contention that his motion to reopen was "based on changed country conditions in India" is unavailing, as the motion itself states "that the circum-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stances for the Sikhs have not changed in India."

Singh's motion to stay deportation is denied as moot because his stay was restored by this court on December 19, 2005.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.