**Ravinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–70454, 05–73983.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Martin Resendez Guajardo, Esq., Martin Avila Robles, Esq., Law Offices of Martin

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See Fed.*

Resendez Guajardo a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez Wright, Esq., Larry P. Cote, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Lindsay L. Chichester, U.S. Dept of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

## MEMORANDUM **

Ravinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings on grounds of ineffective assistance of counsel, and the BIA's order denying his motion to reconsider the denial of reopening. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of motions to reopen and to reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny the petitions for review.

The BIA did not abuse its discretion when it denied Singh's motion to reopen because he failed to offer any explanation why he did not raise an ineffective assistance claim at an earlier stage in the proceedings or why equitable tolling should apply. *Cf. Iturribarria v. INS*, 321 F.3d 889, 898–99 (9th Cir.2003). Even assum-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing, arguendo, that only upon the receipt of this court's prior memorandum disposition was Singh alerted to the possible existence of multiple layers of ineffective assistance, he did not file a motion to reopen until another four and a half months had elapsed, and offered no explanation for this delay. *See* 8 C.F.R. § 1003.2(c)(2) (setting forth a 90–day time limit for motions to reopen).

The BIA did not abuse its discretion when it denied Singh's motion to reconsider because he did not specify any error of fact or law in the BIA's prior decision, but merely expanded on the ineffective assistance claim that he had already raised. *See Iturribarria*, 321 F.3d at 895–96.

**PETITIONS FOR REVIEW DENIED.**