Carmen **MORALES**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–71994.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Carmen Morales, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming without opinion an immigration judge's ("IJ") decision denying her motion to reopen deportation proceedings in which she was ordered deported in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we conclude that the IJ acted within his discretion in denying Morales's motion to reopen because she failed to provide an address where she could be contacted, as required by the Order to Show Cause. *See* 8 C.F.R. § 3.15(c) (1994) ("If the alien's address is not provided on the Order to Show Cause ... the alien

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

must provide to the Office of the Immigration Judge where the Order to Show Cause has been filed, within five days of service of the Order, a written notice of an address and telephone number at which the alien can be contacted...."). The IJ's rejection of Morales's contention that the agency should have mailed her hearing notice to the address in Guatemala contained on her "Record of Deportable Alien" was not irrational, arbitrary, or contrary to law. *See Cano–Merida,* 311 F.3d at 964.

■ Accordingly, we also conclude that Morales has not established a due process violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [a petitioner] must show error and substantial prejudice.").

Finally, Morales's challenge to the BIA's use of its streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003) ("[W]here we can reach the merits of the decision by the IJ ..., an additional review of the streamlining decision itself would be superfluous.").

**PETITION FOR REVIEW DENIED.**