**Elmer Antonio Lara JIMENEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71878.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Luis E. Perez, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Elmer Antonio Lara Jimenez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' decision adopting and affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing de novo Lara Jimenez's due process claim, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000), we deny the petition for review.

Lara Jimenez's contentions that his due process rights were violated are unpersuasive because he has failed to establish that the proceedings before the IJ were "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Id.* (citation omitted). The facts here are distinguishable from those in *Cano–Merida v. INS* because here the IJ elicited testimony regarding Lara Jimenez's asylum claim and provided a reasonable opportunity for him to present additional evidence, and Lara Jimenez's counsel later affirmed to the IJ that the applications for asylum and withholding of removal were withdrawn. *See* 311 F.3d 960, 964–65 (9th Cir.2002) (finding due process violation where pro se asylum applicant withdrew application after IJ informed him off the record and prior

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to hearing evidence that claim was meritless).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.