**Silvestre Hernandez GARCIA; Aurora Manuel Garcia, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–73174.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed March 1, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Susan E. Hill, Esq., Hill Piibe & Villegas, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District, Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Sylvestre Hernandez Garcia and Aurora Manuel Garcia, natives and citizens of Mexico, petition for review of the order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") decision pretermitting their applications for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's physical presence determination for substantial evidence, *Lopez–Alvarado v. Ashcroft*, 381

F.3d 847, 850–51 (9th Cir.2004), and review due process challenges de novo, *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir.2003). We grant in part and deny in part the petition for review.

■ Both petitioners testified that they were in Mexico between January and December 1991. Substantial evidence therefore supports the IJ's conclusion that they failed to maintain continuous physical presence for the requisite period. *See* 8 U.S.C. § 1229b(d)(2) (stating that an applicant for cancellation of removal fails to maintain continuous physical presence if the applicant "has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days").

■ Petitioners' contention that the IJ violated due process by failing to clarify the inconsistency between their written and oral statements regarding their 1991 absence fails because the record demonstrates that the IJ sought clarification and gave petitioners ample opportunity to explain. Petitioners have thus not shown that the proceedings were so fundamentally unfair that they were prevented from reasonably presenting their case. *Cf. Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002) (concluding that failure to allow petitioner to present oral testimony constitutes a denial of right to due process).

■ Finally, the IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision,

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW GRANTED in part, DENIED in part; REMANDED.**