**Mauro Antonio CANO-MERIDA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71423.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2002.*

Filed Nov. 22, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Stuart I. Folinsky, Los Angeles, CA, for the petitioner.

John McAdams, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for the respondent.

Before REINHARDT, TROTT and SILVERMAN, Circuit Judges.

## OPINION

TROTT, Circuit Judge.

Mauro Antonio Cano–Merida ("Cano") petitions for review of the Board of Immigration Appeals's ("BIA") order affirming the immigration judge's denial of his motion to reconsider.[1] Cano argues he was denied a meaningful opportunity to present his asylum application. We agree. We grant Cano's petition, in part, and remand to the BIA with instructions to order a new hearing before the immigration judge ("IJ").

Cano also petitions for review of the BIA's denial of his motion to reopen to seek relief under the Convention Against Torture. Because the BIA did not abuse its discretion in denying this motion, we deny this part of Cano's petition.

---

1. We have jurisdiction over Cano's petition pursuant to 8 U.S.C. § 1105(a)(2), as amended by Section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act.

## BACKGROUND

Cano, a citizen of Guatemala, entered deportation proceedings on December 12, 1996. At his first hearing, Cano chose to proceed without an attorney and requested the IJ consider his asylum application in support of his claim. The IJ informed Cano of his "right to examine and object to any evidence that might be presented by the Government and to present evidence on [his] own behalf." Cano attempted to submit documents in Spanish to support his application. The IJ told Cano to have the documents translated into English and to provide copies to the court and the attorneys. The IJ continued the hearing to April 4, 1997, and advised Cano he could present evidence at that hearing.

At the second hearing, the IJ provided Cano with a copy of the Department of State's country report for Guatemala ("the Guatemala report"), which noted that "peace accords were entered into between the Guerillas and the [Guatemalan] Government." The IJ stated that he wished "to offer [the report] into evidence without any objection." The IJ asked Cano if he would like an opportunity to review the report, but did not allow Cano to answer. Instead, the IJ asked Cano what he thought would happen to him if he returned to Guatemala. Cano replied that he had "no certainty," and the IJ went off the record to talk to Cano.

When the IJ went back on the record, this is the immediate exchange that transpired: All right. We're back on the record.

JUDGE TO CANO: Do you want to proceed with your application even though I informed you, while we were off the record, that I believe you have no basis for a claim to asylum. Do you wish to proceed with your claim?

CANO TO JUDGE: You will give me 6 months to leave the country?

JUDGE TO CANO: If you withdraw your application, if that's what you wish to do.... Is that what you wish to do, do you wish to withdraw your application?

CANO TO JUDGE: Is just 6 months is all you can give me?

JUDGE TO CANO: This is not a negotiation, this is what I'll do.

CANO TO JUDGE: That's fine.

The IJ then stated for the record, "I've permitted you to withdraw your application for asylum." The IJ commented, "I assume there's no appeal," and then closed the hearing without registering a response. Cano did not appeal the IJ's decision.

On October 3, 1997, an attorney on Cano's behalf filed a motion to reopen before the IJ arguing that his client never intended to give up his right to present his asylum claim, but only withdrew his application because he believed the IJ did not intend to grant asylum. The IJ found Cano had failed to demonstrate prima facie eligibility for the relief sought and denied his motion to reopen.

On December 22, 1997, Cano filed before the IJ a motion to reconsider denial of his motion to reopen. Cano's attorney reported that Cano "withdrew the asylum claim only because he understood that the [IJ] would not grant it," and was relying on the IJ as "a person of authority ... to help him assess [his] asylum claim." Cano alleged the IJ denied him due process, contested that he was not allowed to "explain or rebut" material contained in the Guatemala report, and asserted that he could have demonstrated a well-founded fear of persecution.

The IJ denied Cano's motion to reconsider. Cano appealed this decision to the BIA and filed also a motion to reopen with the BIA to seek relief under the Conven-

tion Against Torture. The BIA affirmed the IJ's decision, dismissed Cano's appeal, and denied his motion to reopen. This petition followed.

## STANDARD OF REVIEW

■ We review the BIA's denial of motions to reopen or to reconsider for abuse of discretion, "although[de novo] review applies to the BIA's determination of purely legal questions." *Mejia v. Ashcroft*, 298 F.3d 873, 876 (9th Cir.2002); *see also Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (motion to reopen); *Padilla–Agustin v. INS*, 21 F.3d 970, 973 (9th Cir.1994), *overruled on other grounds by Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (motion to reconsider). "We review de novo claims of due process violations in deportation proceedings." *Perez–Lastor v. INS*, 208 F.3d 773, 777 (9th Cir.2000) (citation omitted). Review is limited to the BIA's decision because the BIA reviewed the IJ's decision de novo. *Agyeman v. INS*, 296 F.3d 871, 876 (9th Cir.2002).

## DISCUSSION

### I Due Process

■ Cano argues that the BIA abused its discretion by failing to address his claim that the IJ denied him a meaningful opportunity to present his case.[2] The BIA concluded the IJ did not err in denying Cano's motion to reconsider because Cano chose to proceed without an attorney, was presented with options regarding whether to present his asylum application, and voluntarily elected to withdraw his application. We will not disturb the BIA's decision unless it acted "arbitrarily, irrationally, or contrary to law." *Singh*, 213 F.3d at 1052.

■ Here, the IJ did not provide Cano "a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf," as required by the Fifth Amendment's guarantee of due process in deportation proceedings. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). Complicating review in this case is the IJ's decision to go *off the record* to tell Cano *before* he had the opportunity to present oral testimony or documents in support of his application that he had no basis for an asylum claim. We know only that at some time during the recess the IJ explained to Cano that he had "no basis for a claim to asylum." When the hearing went back on the record, Cano was presented with the Hobson's choice[3] of proceeding with a claim the decision-maker had labeled as baseless, or dropping his claim and receiving six months to make departure arrangements.

"A neutral judge is one of the most basic due process protections." *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001) (quoting *Castro–Cortez v. INS*, 239 F.3d 1037, 1049 (9th Cir.2001)). Similar to a recent case where this Court found a due process violation, the IJ here did not behave "as a neutral fact-finder interested in hearing [Cano's] evidence" because he indicated that he had "already judged

---

**2.** The Immigration and Naturalization Service asserts that the BIA "acted within its discretion in dismissing Cano's appeal because he failed to allege any error in the [IJ's] decision denying the motion to reconsider." Contrary to this assertion, Cano alleged that the IJ made "errors of law" in deciding the motion to reconsider and specified those errors in his brief to the BIA. Cano's due process argument was raised before the IJ in his motion to reconsider and presented to the

BIA on appeal. Accordingly, the due process issue is properly before this court.

**3.** The phrase "Hobson's choice" comes from Thomas Hobson, an English liveryman who required every customer to choose the horse nearest the door. WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY 395 (1966). A Hobson's choice is an "apparently free choice with no real alternative." *Id.*

[Cano's] claim" for asylum. *Colmenar,* 210 F.3d at 971.

■ Because Cano appeared pro se, the IJ had a duty to "fully develop the record." *Jacinto v. INS,* 208 F.3d 725, 733–34 (9th Cir.2000). Instead, the IJ pressured Cano to drop his asylum claim before any significant exploration of all relevant facts had occurred. *See Agyeman,* 296 F.3d at 877 (quoting *Key v. Heckler,* 754 F.2d 1545, 1551 (9th Cir.1985)) (stating "it is critical that the IJ 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts' "). Contrary to the BIA's conclusion, Cano was not presented with a meaningful option to continue the asylum hearing because he knew the IJ had already decided his claim had "no basis."

The IJ made other decisions indicating he was not interested in formally hearing Cano's evidence or adequately explaining hearing procedures. *See Agyeman v. INS,* 296 F.3d 871, 877 (9th Cir.2002) (explaining that "[o]ne of the components of a full and fair hearing is that the IJ must adequately explain the hearing procedures to the alien, including what he must prove to establish his basis for relief"). For example, the IJ admitted the Guatemala report as evidence without allowing Cano a meaningful opportunity to review or object to the report. AR 253. The IJ also apparently did not discuss with Cano his option to appeal, but just assumed that Cano would not appeal. Under these circumstances, we conclude that Cano was denied the right to an impartial adjudicator and to the evaluation of his case on its own merits. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1270 (9th Cir.2001). The IJ's actions denied Cano due process and, therefore, was an abuse of discretion. *Singh,* 213 F.3d at 1052.

■ In addition to demonstrating a due process violation, however, Cano is required to show prejudice, which means

that "the IJ's conduct 'potentially [affected] the outcome of the proceedings.' " *Colmenar,* 210 F.3d at 972 (quoting *Campos–Sanchez v. INS,* 164 F.3d 448, 450 (9th Cir.1998)). Cano need not "explain exactly what evidence he would have presented" in support of his application, *Colmenar,* 210 F.3d at 972; and we "may infer prejudice in the absence of any specific allegation as to what evidence [Cano] would have presented ... had he been provided the opportunity to present that evidence." *Agyeman,* 296 F.3d at 885.

■ Cano submitted documents in support of his asylum claim with his motion to reopen and with his brief to the BIA, but he was denied the opportunity to present oral testimony at a hearing. This structural error denied Cano the basic opportunity to create a full and complete record susceptible of appeal and review, and it puts him in the impossible position of having to "produce a record that does not exist." *Perez–Lastor,* 208 F.3d at 782. Because the IJ's conduct undercut the normal course of the proceedings, Cano has demonstrated prejudice and a clear violation of his due process rights. Whether or not the IJ believed he was doing Cano a favor is irrelevant. As this case suggests, shortcuts frequently turn out to be mistakes. Accordingly, we grant Cano's petition and remand to the BIA with instructions to remand to the IJ for a hearing as required by law on the merits of Cano's asylum application.

## II Motion to Reopen

■ Cano also appeals the BIA's denial of his motion to reopen to seek relief under the Convention Against Torture ("Convention"). "The BIA has considerable discretion concerning motions to reopen." *Lainez–Ortiz v. INS,* 96 F.3d 393, 395 (9th Cir.1996) (citing *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA denied Cano's motion because he failed to make a

prima facie showing that he was entitled to relief under the Convention.

To qualify for relief, Cano was required to demonstrate it is "more likely than not that [he] would be tortured if removed to [Guatemala]." *Abassi v. INS,* 305 F.3d 1028, 1030 (9th Cir.2002) (quoting 8 C.F.R. §§ 208.18(b)(2) and 208.16(c)(2)(4)). The Convention's implementing regulations define torture as "any act by which severe pain or suffering . . . is intentionally inflicted on a person" for certain purposes "when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* at 1030 n. 3 (quoting 8 C.F.R. § 208.18(a)(1)).

The evidence provided by Cano in support of his motion does not demonstrate it is more likely than not he would be tortured with the consent or acquiescence of a public official if he returns to Guatemala. Accordingly, the BIA did not abuse its discretion by refusing to reopen Cano's case for consideration under the Convention, and Cano's petition from this motion is denied.

## CONCLUSION

Because Cano was denied a meaningful opportunity to present his asylum application, we grant his petition and remand to the BIA with instruction to order a new hearing before the IJ. We deny Cano's petition with respect to his motion to reopen to seek relief under the Convention.

Petition for review **DENIED** in part, **GRANTED** in part, and **REMANDED** with an instruction to order a new hearing.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.