Jose Guadalupe GARCIA–RODRIGUEZ; Martha Alicia Espinoza–Gomez, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72547.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 26, 2003.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Shelley R. Goad, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jose Guadalupe Garcia–Rodriguez and Martha Alicia Espinoza–Gomez, citizens of Mexico, petition for review of the Board of Immigration Appeals' (BIA) denial of their motion to reconsider a summary dismissal of their appeal of an Immigration Judge decision ordering their removal from the United States.

Garcia–Rodriguez and Espinoza–Gomez entered this country without inspection on April 12, 1988. They were ordered removed on December 8, 1998, after they failed to appear at an asylum hearing that, they claim, had been scheduled because a woman whom they hired to help them

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

obtain work permits fraudulently filed an asylum application on their behalf. They then filed a motion to reopen through their current counsel, whom they retained shortly after the removal order. The Immigration Judge denied this motion in April 1999. Following this denial, Garcia–Rodriguez and Espinoza–Gomez filed a Notice of Appeal with the BIA by filling out form EOIR–26. Instead of "[stating] in detail the reason(s) for this appeal" in the space provided, they checked the box indicating that they would file a separate brief to supplement the form. But despite being granted a three-week extension, their attorney, who after-the-fact can muster only the lamest of excuses, filed their appeal brief eleven days late. No motion or explanation was filed with the brief regarding its untimeliness. On January 16, 2002, after rejecting the brief as untimely, the BIA summarily dismissed Garcia–Rodriguez and Espinoza–Gomez's appeal for lack of specificity. They then filed a motion with the BIA to reconsider this decision. The BIA denied the motion. We have jurisdiction to review only this latest denial of reconsideration. *See Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). The merits of the initial denial are not before us.

The BIA has wide latitude to deny a motion to reconsider. *See* 8 C.F.R. § 1003.2(a). Parties filing such a motion "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall [support it by reference to] pertinent authority." 8 C.F.R. § 1003.2(b). We review a denial of a motion to reconsider for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). In their motion to reconsider, Garcia–Rodriguez and Espinoza–Gomez failed to raise any cognizable errors of fact or law of the BIA's summary dismissal. Therefore, the BIA did not abuse its discretion when it denied this motion.

Garcia–Rodriguez and Espinoza–Gomez, who have lived in this country continuously for over fifteen years with their three children, will be forced to depart without ever having had an opportunity to be heard on the merits of their case. This circumstance was unfortunately triggered in part by the conduct of their counsel in the administrative proceedings.[1] Had the failure to file on time or other conduct occurred before this court, we would be in a position to consider sanctions. Because the failures occurred in the administrative proceedings, we defer to the BIA. We find this result genuinely disturbing; however, we are bound by the law and the procedural posture of the case. Accordingly, the petition for review is

**DENIED.**

---

1. Indeed, the incompetence of Petitioners' counsel is manifest, and may rise to the level of prejudicial ineffectiveness. *See Rodriguez–* *Lariz v. INS*, 282 F.3d 1218, 1225–27 (9th Cir.2002); *Matter of Lozada*, 19 I. & N. Dec. 637, 639, 1988 WL 235454 (1988).