Alla KAZARIAN, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–72321.
Agency No. A74–793–587.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.**

Decided Sept. 21, 2004.

Alla Kazarian, Glendale, CA, pro se.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect this caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Genevieve Holm, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM***

Alla Kazarian, a citizen of Armenia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an Immigration Judge's ("IJ") denial of her motion to reconsider, as well as the BIA's denial of her motion to reopen for purposes of relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), grant the petition for review in part, deny it in part, and remand for further proceedings.

We review the denial of a motion to reconsider for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). Here, the BIA correctly concluded that Kazarian's motion to reconsider was untimely, as it was filed thirty-two days after the IJ denied Kazarian's motion to reopen. *See* 8 C.F.R. § 1003.23(b)(1).

The BIA did not abuse its discretion in denying Kazarian's motion to reopen, because she failed to demonstrate the required prima facie case for CAT relief. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th

Cir.2003); *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000).

The BIA's decision does not address Kazarian's claim that her proceedings should have been reopened for adjudication of her asylum application because changed country conditions exempted her motion from the time limitations set forth in 8 C.F.R. § 1003.23(b)(1). We therefore remand the proceedings to the BIA in order for the Board to consider this issue.

Kazarian's remaining contentions are unpersuasive.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**