Santiago Armando SOLOGUREN; Jeanette Sologuren; Pablo Cesar Sologuren, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71976.

Agency Nos. A70–818–968, A70–818–969, A70–818–970.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Oct. 14, 2004.*

Decided Oct. 26, 2004.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael T. Dougherty, U.S. Department of Justice, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Dr. Santiago Sologuren, his wife Jeanette, and his son Pablo ("Petitioners"), natives and citizens of Peru, petition for review of the Board of Immigration Appeals' ("BIA") denial of their combined motion for reconsideration and motion to reopen proceedings in which the BIA denied Petitioners' application for asylum and withholding of deportation. We apply the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, and we have jurisdiction under 8 U.S.C. § 1105a(a). *See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222–23 (9th Cir.2002). We review the BIA's denial of motions to reopen or to reconsider for abuse of discretion, although de novo review applies to the BIA's determination of purely legal questions. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We grant the petition for review.

In their 1998 motion for reconsideration, Petitioners identified errors of law and fact in the BIA's decision denying asylum, and they pointed to pertinent Ninth Circuit authority concluding that the Shining Path had an extensive and ongoing impact in Peru. *See* 8 C.F.R. 3.2(b)(1) (1998); *Velarde v. INS*, 140 F.3d 1305, 1312 n. 6 (9th Cir.1998) (citing *Gonzales–Neyra v. INS*, 122 F.3d 1293, 1295 (9th Cir.1997)). We

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

agree with Petitioners that the BIA erred in concluding that a few isolated passages from the State Department report on conditions in Peru rebutted the substantial, compelling and uncontradicted evidence establishing Petitioners' well-founded fear of future persecution. *See Cardenas v. INS*, 294 F.3d 1062, 1067 (9th Cir.2002). We also agree with Petitioners that the BIA mischaracterized the record when it found Petitioners had offered no evidence that the Shining Path had a continuing interest in Dr. Sologuren's whereabouts. Because the BIA committed both legal and factual errors in reaching its original decision, it necessarily abused its discretion in denying Petitioners' motion for reconsideration. *See Mejia v. Ashcroft*, 298 F.3d 873, 878 (9th Cir.2002) ("BIA does not have the discretion to misapply the law, and it abuses its discretion when it does.").

We do not reach Petitioners' contention that the BIA should have reopened proceedings because we conclude that the BIA should have reconsidered its original decision. We therefore hold that Petitioners are eligible for asylum and remand for the Attorney General to make a discretionary decision regarding whether to grant asylum. *See Khup v. Ashcroft*, 376 F.3d 898, 906 (9th Cir.2004).

PETITION FOR REVIEW GRANTED; REMANDED.