**Francisco DE ASSIS, aka Francisco Coelho, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74116.

Agency No. A79–274–116.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

Suite "H", Law Offices of A. Sam Akintimoye, Ortario, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Counsel, Portland, OR, Papu Sandhu, Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Francisco De Assis, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen. We have jurisdiction under former 8 U.S.C. § 1105a(a). *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review for abuse of discretion the denial of a motion to reopen, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

De Assis's motion to reopen was based on the alleged ineffective assistance of his former representative. He contends that the representative did not notify him of his May 16, 1991 deportation hearing, deportation order, or grant of voluntary departure and that he did not learn of the deportation order or grant of voluntary departure until February 2003. The BIA properly found that there was no ineffective assistance because there is an employment authorization document dated May 16, 1991, signed by De Assis indicating that voluntary departure was granted on May 16, 1991, De Assis's former representative testified at a hearing on the motion to reopen

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

indicating that she met with De Assis two days prior to the hearing and that she mailed a copy of the deportation order to De Assis. Accordingly, De Assis had notice of the 1991 deportation order and grant of voluntary departure and therefore there was no ineffective assistance of counsel. *See Iturribarria v. INS,* 321 F.3d 889, 901–03 (9th Cir.2003) (holding that petitioner must show prejudice in order to demonstrate ineffective assistance of counsel).

De Assis also raises a number of other due process challenges. These challenges also fail because De Assis has not demonstrated the requisite prejudice. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002).

We are not persuaded by De Assis's contention that the BIA used the wrong standard of review.

De Assis's remaining contentions have been carefully considered and we reject them because they lack merit.

**PETITION FOR REVIEW DENIED.**