**Paramjit Singh MANN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 03–72753, 04–72261, 04–74762.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Decided Feb. 21, 2006.

Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Esq., Alison Marie Igoe, Esq., James E. Grimes, Esq., Mark C. Walters, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Petitioner Paramjit Singh Mann ("Mann") petitions for review of three orders of the Board of Immigration Appeals ("BIA"). Mann applied for asylum, withholding of removal, and relief under the Convention Against Torture. The first order under review is the BIA's affirmance of the Immigration Judge's ("IJ") denial of relief on the basis of an adverse credibility determination. The second and third orders under review are denials of a motion to reopen and a motion to reconsider based on an alleged denial of a fair hearing.

As to the first order under review, we review the credibility findings of the BIA and IJ for substantial evidence and will only reverse if the evidence compels a contrary result. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). Based on the record before us, we hold that substantial evidence supports the IJ's adverse credibility determination. The IJ cited several inconsistencies in Mann's testimony. These inconsistencies are a legitimate basis upon which to base an adverse credibility determination. *See Singh v. Ashcroft*, 367 F.3d 1139, 1142–43 (9th Cir. 2004). In addition, the IJ found Mann's story to be implausible. *See Berroteran–Melendez v. INS*, 955 F.2d 1251, 1257 (9th Cir.1992).

The second and third orders under review are the BIA's denial of Mann's motion to reopen and motion to reconsider. Mann alleged that he had been denied a fair hearing due to the lack of a competent interpreter. The BIA's denial of a motion to reopen or a motion to reconsider are reviewed for an abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *see also Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). Mann had the burden to show that "a better translation would have made a difference in the outcome of the hearing." *Perez–Lastor v. INS*, 208 F.3d 773, 780 (9th Cir.2000) (citation omitted). Mann presented an alternative translation as part of his request. However, he did not put forth any reasons as to how the second translation differed in any substantial way from the first or how he was prejudiced by the first translation. Thus, Mann failed to meet his burden and the BIA did not abuse its discretion in denying his motions.

**PETITIONS DENIED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.