**Lakhwinder Singh GHARA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76618.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 15, 2006.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-

Anju Multani, Downey, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, William C. Minick, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

**MEMORANDUM** \*\*

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lakhwinder Singh Ghara, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Petitioner's CAT claim fails for lack of exhaustion and is accordingly dismissed. *See Ortiz v. INS*, 179 F.3d 1148, 1152–53 (9th Cir.1999).

We have jurisdiction under 8 U.S.C. § 1252 over petitioner's remaining claims. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the remaining claims in the petition for review.

Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. Petitioner was arrested after providing transportation to a suspected terrorist who was evading the police. Petitioner was harassed by rogue police officers years later because he was a witness in a lawsuit against the police. Because petitioner was arrested for aiding a suspected terrorist, and was harassed because he was going to be a witness, petitioner's asylum claim fails based on a lack of nexus to an enumerated ground. *See id.* at 482–84, 112 S.Ct. 812.

Substantial evidence also supports the IJ's conclusion that petitioner failed to establish withholding of removal because he did not show that it is more likely than not that he will be subject to persecution based on an enumerated ground. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Finally, petitioner's due process claim fails because he cannot show prejudice. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**