**Rayna Antonia RIVERA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73495.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 27, 2007.

Rayna Antonia Rivera, El Monte, CA, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department Of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie MCkay, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Rayna Antonia Rivera, a native and citizen of Honduras, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") order denying her motion to reopen deportation proceedings to seek relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub.L. No. 105–100, 111 Stat. 2160, as amended by Pub.L. No. 105–139, 11 Stat. 2644. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for abuse of discretion, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying as untimely Rivera's motion to reopen because it was filed nearly six years after the deadline, *see* 8 C.F.R. § 1003.43(e)(1) (providing that motions to reopen to apply for NACARA relief must be filed by September 11, 1998), and Rivera failed to demonstrate that equitable

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tolling is appropriate in her case, *cf. Albillo–De Leon v. Gonzales*, 410 F.3d 1090, 1098 (9th Cir.2005).

We lack jurisdiction to consider Rivera's challenge to the IJ's denial of her prior motions to reopen because she did not appeal those decisions to the BIA and therefore those orders are not reviewable. *See* 8 U.S.C. § 1252(d) (a court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.