Edwin Ernan LOPEZ–RODRIGUEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–70198.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 6, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas Fatouros, Carl Willner, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Edwin Ernan Lopez–Rodriguez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision that affirmed the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Rios v. Ashcroft,* 287 F.3d 895, 899 (9th Cir.2002). We grant the petition and remand in part and deny in part.

After conducting a de novo review of the record, the BIA found that assuming credibility and assuming that Lopez–Rodriguez demonstrated past persecution, the regulatory presumption of a well-founded fear of future persecution was rebutted by a fundamental change in country conditions. Substantial evidence does not support this finding because neither of the BIA's observations regarding this issue "constitutes evidence that, on an individualized basis, rebuts [the] specific grounds for [Lopez–Rodriguez's] well-founded fear of future persecution." *Id.* at 902 (internal quotation marks and citations omitted). Accordingly, we grant the petition and remand to the agency for further proceedings on the asylum and withholding of removal claims. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Because Lopez–Rodriguez failed to establish that it is "more likely than not" that he will be tortured if removed to Guatemala, substantial evidence supports

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the BIA's denial of CAT relief. *See Cano–Merida v. INS,* 311 F.3d 960, 966 (9th Cir.2002).

Finally, Lopez–Rodriguez contends that the BIA's failure to address his CAT claim denied him the right to due process of law. This contention is belied by the record.

**PETITION FOR REVIEW GRANTED and REMANDED in part and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.