**ZHENHUA LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71683.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 23, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Mayer, Long Beach, CA, for Petitioner.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Andrew C. MacLachlan, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Zhenhua Li, a native and citizen of China, petitions for review of a Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir. 2004), and we deny the petition for review.

The IJ found that Li was not credible because she omitted from her asylum application that after her alleged persecution, she left China, spent a month in Brazil, and returned to China voluntarily. In addition, the IJ relied on the inconsistency between Li's testimony, in which she stated that she received her Chinese passport in Brazil in 2004 and the passport itself, which indicates it was issued in Brazil in 2002, and upon resulting inconsistencies. Further, the IJ relied on the inconsistency in her testimony regarding whether her father would be tortured if she left China. Substantial evidence supports the IJ's adverse credibility determination because these inconsistencies and omissions go to the heart of Li's asylum claim. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). Accordingly, Li's asylum claim fails.

Because Li failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Li's CAT claim is based on the same evidence that the IJ found was not credible, we deny the CAT claim as well. *See id.* at 1156–57.

Li's contention that her due process rights were violated by the IJ is without merit because she failed to demonstrate

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prejudice. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**