Alfonso SANCHEZ–GARCIA;
et al., Petitioners,

v.

Peter D. KEISLER,* Acting Attorney
General, Respondent.

No. 04–70783.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 27, 2007.

Helen A. Sklar, Esq., Law Office of Helen Sklar, Esq., Los Angeles, CA, Kari E. Hong, Law Office of Kari E. Hong, Portland, OR, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).
** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Alfonso Sanchez–Garcia and his wife, Saturnina Martha Gomez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

We reject petitioners' contention that the IJ violated their due process rights by limiting certain testimony and taking over portions of the direct examination, because petitioners were not "prevented from reasonably presenting [their] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (quotation omitted). Moreover, petitioners failed to demonstrate that additional testimony may have affected the outcome of the proceedings. *See id.* (requiring a showing of prejudice to prevail on a due process challenge).

Petitioners' contention that the BIA applied an erroneous prejudice standard is unsupported by the record. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.