**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

NEKTAR ZAKARYAN,

          Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

          Respondent.

Nos. 07-72690
      07-73438

Agency No. A077-824-597

MEMORANDUM [*]

---

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

    In these consolidated petitions, Nektar Zakaryan, a native and citizen of

Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing without opinion her appeal from an immigration judge's ("IJ") decision

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

denying her motion to reopen proceedings conducted in absentia and the BIA order denying her motion to reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and to reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

The IJ did not abuse her discretion in denying Zakaryan's motion to reopen because written notice of the hearing was mailed to her counsel of record, *see* 8 U.S.C. §§ 1229(a)(2), 1229a(b)(5)(A),(C), and the evidence submitted with the motion to reopen failed to establish Zakaryan acted with the due diligence required to warrant tolling of the 180-day filing deadline, *see Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances).

The BIA did not abuse its discretion in denying Zakaryan's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's July 3, 2007, order. *See* 8 C.F.R. § 1003.2(b).

**PETITIONS FOR REVIEW DENIED.**