FILED

**NOT FOR PUBLICATION**

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HANMIN WU,

          Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

          Respondent.

Nos. 06-72569
     06-74314

Agency No. A095-450-201

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

In these consolidated cases, Hanmin Wu, a native and citizen of China,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in No. 06-72569, and the BIA's order denying his motions to reopen, reconsider, and accept a late filed brief in No. 06-74314. Our jurisdiction is governed 8 U.S.C. § 1252. We review for substantial evidence adverse credibility determinations, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), we review for abuse of discretion denials of motions to reopen and reconsider, and we review claims of due process violations de novo, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review in No. 06-72569, and deny in part and dismiss in part the petition for review in No. 06-74314.

Substantial evidence supports the agency's adverse credibility finding based upon Wu's failure to offer a compelling explanation for a conceded discrepancy between his testimony before the asylum officer and his testimony before the IJ regarding his family's payment of money to secure his release from detention. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (adverse credibility finding supported based upon discrepancies regarding the amount of a fine assessed for violation of one-child policy). Accordingly, in the absence of credible testimony, we deny the petition as to Wu's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Wu's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to China, we also deny the petition as to Wu's CAT claim. *See id*. at 1156-57.

The BIA did not abuse its discretion in denying Wu's motion to reopen based upon ineffective assistance of counsel because Wu could not demonstrate counsel's failure to a file a timely brief to the BIA "may have affected the outcome of the proceedings." *See Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005) (internal quotation omitted). In particular, the BIA considered and properly rejected Wu's contention in his untimely brief to the BIA that lack of a certification process for interpreters appearing at asylum interviews prejudicially violated his due process rights. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring a showing of prejudice to prevail on a procedural due process claim). Likewise, the BIA considered and rejected Wu's challenge to the IJ's adverse credibility finding, which was supported by substantial evidence. *See Li*, 378 F.3d at 962.

The BIA did not abuse its discretion in denying Wu's motion to reconsider because Wu failed to identify any error of fact or law in the BIA's April 20, 2006 order. *See* 8 C.F.R. § 1003.2(b)(1).

To the extent Wu contends the BIA abused its discretion in refusing to accept his late-filed brief, we lack jurisdiction over the BIA's discretionary determination. *See Zetino v. Holder*, 596 F.3d 517, 524-25 (9th Cir. 2010).

**No. 06-72569: PETITION FOR REVIEW DENIED.**

**No. 06-74314: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**