**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHUZHU HUANG, | No. 08-74814 |
| Petitioner, | Agency No. A072-799-125 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Shuzhu Huang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its

denial of his second motion to reopen, based on ineffective assistance of counsel.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Huang's motion to reconsider because Huang failed to identify any dispositive errors of fact or law in the BIA's August 20, 2008, order. *See* 8 C.F.R. § 1003.2(b)(1). In particular, we agree that any ineffective assistance of counsel related to Huang's request for a joint motion to reopen did not result in prejudice. *See Mohammed*, 400 F.3d at 793-94 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice). Huang's contention that the BIA applied an overly stringent prejudice standard is not persuasive. Huang's ineffective assistance of counsel claim based upon counsel's failure to properly file and expedite his I-130 visa petition fails because any error does not relate "to the fundamental fairness of an ongoing proceeding." *See Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050-51 (9th Cir. 2008).

We lack jurisdiction to review Huang's contentions regarding the BIA's August 20, 2008, order, because Huang did not file a timely petition for review of that order. *See* 8 U.S.C. § 1252(b)(1); *Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**