**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENFORD PRINCE, AKA Dwayne Stewart,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   14-72465<br><br>Agency No. A045-876-676<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND, and BENNETT, Circuit Judges.

Glenford Prince, a native and citizen of Jamaica, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the BIA's denial of a motion to reopen.  *Najmabadi v. Holder*,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

597 F.3d 983, 986 (9th Cir. 2010).  We deny the petition for review.

The BIA did not abuse its discretion in denying Prince's untimely motion to reopen his claim for deferral of removal under the Convention Against Torture ("CAT") because Prince failed to establish prima facie eligibility for relief to qualify for an exception to the time limitation for motions to reopen.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Cano-Merida v. INS*, 311 F.3d 960, 966 (9th Cir. 2002) (no abuse of discretion in denying motion to reopen where petitioner did not establish prima facie eligibility for CAT relief).

We reject Prince's contention that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**