NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ANCELMO HERNANDEZ-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  14-72344<br>14-73595<br><br>Agency No. A201-174-662<br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

In these consolidated petitions, Jose Ancelmo Hernandez-Hernandez, a

native and citizen of Guatemala, petitions for review of the Board of Immigration

Appeals' ("BIA") order dismissing his appeal from an immigration judge's

decision denying his applications for withholding of removal and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and the BIA's order denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review for an abuse of discretion the BIA's denial of a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petitions for review.

Substantial evidence supports the agency's conclusion that the past harm Hernandez-Hernandez suffered in Guatemala did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persistent teasing, harassment, and discrimination did not compel the conclusion that petitioner suffered past persecution); *see also Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner failed to establish past persecution where he was beaten and robbed on two occasions and accosted by a mob). Substantial evidence supports the agency's determination that Hernandez-Hernandez failed to establish a clear probability of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010) (fear of future persecution was not objectively reasonable); *Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009) (petitioner must demonstrate a "unique risk of persecution upon return that was distinct from the

petitioner's mere membership in a disfavored group." (citation omitted)).  Thus, Hernandez-Hernandez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Hernandez-Hernandez failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Hernandez-Hernandez's contention that the agency failed to consider all of his evidence is unpersuasive.

The BIA did not abuse its discretion in denying Hernandez-Hernandez's motion to reconsider where he failed to identify any error of fact or law in the BIA's prior decision.  *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider must identify errors of fact or law in a prior decision); *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) (discussing the standard for a motion to reconsider).

**PETITIONS FOR REVIEW DENIED.**