NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ROBEENA BABKHANIAN,<br><br>          Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>          Respondent. | No.   15-70512<br><br>Agency No. A075-649-389<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2021[**]
Pasadena, California

Before:  R. NELSON and VANDYKE, Circuit Judges, and SCHREIER,[***] District
Judge.

Robeena Babkhanian petitions for review of the Board of Immigration

Appeals' (BIA) denial of her second motion to reopen removal proceedings. "We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal." *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (citation omitted). We review the denial of a motion to reopen for abuse of discretion, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and deny the petition.

An Immigration Judge (IJ) previously ordered Babkhanian removed to Iran after Babkhanian admitted through counsel in the earlier proceedings that she is a native and citizen of Iran. In her first and second motions to reopen, Babkhanian claims to be a native and citizen of Armenia named Violet Babakhanyan. She seeks to reopen based on changed country conditions in Armenia.

Babkhanian filed her second motion to reopen nearly fourteen years after the IJ ordered her removed to Iran. Her second motion to reopen is time and number-barred absent an applicable exception. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Motions to reopen may be excepted from the time and number limitations based on changed circumstances arising in an applicant's country of nationality. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). "[A] prima facie case for relief is sufficient to justify reopening . . . and a prima facie case is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied." *Tadevosyan v. Holder*, 743 F.3d 1250, 1254-55 (9th Cir. 2014) (internal quotation marks and citations omitted).

Here, the BIA concluded that Babkhanian failed to demonstrate an

applicable exception to the time and number limitations because she failed to offer persuasive evidence that she is a native and citizen of Armenia, or that her prior admission that she is a native and citizen of Iran was false. The BIA did not abuse its discretion because, considering the entire record that was before the agency, Babkhanian failed to make a prima facie case that she was Armenian. She never explained, through an affidavit or otherwise, why she and her family previously claimed to be Iranian and why that claim was false. Nor did she explain how her family members were natives and citizens of Iran, yet she is a native and citizen of Armenia. Because Babkhanian failed to make a prima facie case that she is indeed Armenian and not Iranian, the BIA did not abuse its discretion in finding the changed conditions evidence irrelevant or in denying the motion to reopen.

**PETITION DENIED.**