NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DILIA REYES-MENDOZA, <br><br> Petitioner, <br><br> v. <br><br> PAMELA J. BONDI, Attorney General, <br><br> Respondent. | No. 21-997 <br><br> Agency No. <br> A215-904-279 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

Dilia Reyes-Mendoza, a native and citizen of Honduras, seeks review of the

Board of Immigration Appeals' ("BIA") decision (1) dismissing her appeal of the

denial of her motion to reconsider and (2) denying her motion to remand so that she

could seek voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deny in part, grant in part, and remand for further proceedings.

"We review the BIA's denial of motions to reopen or to reconsider for abuse of discretion." *Cano-Merida v. I.N.S.*, 311 F.3d 960, 964 (9th Cir. 2002). We also review the BIA's denial of motions to remand for abuse of discretion. *See Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1111 (9th Cir. 2024). "We review legal and constitutional questions de novo." *Id.*

1. The BIA did not abuse its discretion in dismissing Reyes-Mendoza's appeal of the Immigration Judge's ("IJ") denial of her motion to reconsider. Reyes-Mendoza asked the IJ to reconsider his earlier denial of her motion to reopen, which she filed after the IJ ordered her removed in absentia. The BIA dismissed the appeal for several reasons. First, the BIA concluded that the motion to reconsider did not "allege any specific errors of fact or law in the [IJ's] prior decision." Instead, the motion to reconsider was "effectively a second, and therefore, number-barred motion to reopen." Second, the BIA concluded that Reyes-Mendoza failed to demonstrate "due diligence to warrant reopening based upon equitable tolling." Third, the BIA rejected Reyes-Mendoza's argument that the IJ erred in denying her motion to reopen and rescind her in absentia order because she is prima facie eligible for asylum. In doing so, the BIA noted that Reyes-Mendoza had not submitted an application for asylum below or on appeal, nor had she submitted any other evidence to support her asylum claim. Moreover, she failed to provide any evidence

demonstrating that reopening was warranted based on changed country conditions in Honduras. Finally, the BIA concluded that Reyes-Mendoza failed to demonstrate that "exceptional circumstances caused her failure to appear" or that "she did not receive proper notice of her hearing."

Although Reyes-Mendoza argues that she exhibited the necessary due diligence to warrant reopening based on equitable tolling, she fails to show how the BIA abused its discretion in finding that she did not. She also fails to challenge any of the other independent reasons the BIA provided for dismissing her appeal. Instead, she argues that the agency "erred in denying her motions" because the government never provided her "a statutorily compliant [Notice to Appear]." Specifically, she argues that because the government provided her a Notice to Appear ("NTA") that did not contain a date and time for her hearing, which were provided in a subsequent notice, her in absentia removal order must be rescinded. But this argument is foreclosed by the Supreme Court's recent decision in *Campos-Chaves v. Garland*, 602 U.S. 447, 450–51 (2024). We thus deny the petition as it pertains to the BIA's dismissal of Reyes-Mendoza's appeal of the denial of her motion to reconsider.

2. The BIA abused its discretion in denying Reyes-Mendoza's motion to remand for the IJ to consider her eligibility for post-conclusion voluntary departure. The BIA denied the motion to remand because Reyes-Mendoza "did not request this

form of relief before the [IJ] as she failed to appear for her hearing." But Reyes-Mendoza's request was based on intervening case law that was decided after the IJ's March 16, 2021 decision denying her motion to reconsider. *See Niz-Chavez v. Garland*, 593 U.S. 155 (2021) (decided April 29, 2021); *Posos-Sanchez v. Garland*, 3 F.4th 1176 (9th Cir. 2021) (decided July 7, 2021); *see also Gonzalez-Lara*, 104 F.4th at 1116 ("The BIA erred in holding that [the petitioner] was barred from seeking relief for which she became newly eligible while on appeal based on an intervening change in law.").

Before these cases, Reyes-Mendoza was presumably ineligible for voluntary departure because she had not been in the United States for at least one year before being served with an NTA. *See* 8 U.S.C. § 1229c(b)(1)(A). Thus, requesting voluntary departure would have been futile. *See Gonzalez-Lara*, 104 F.4th at 1116 ("Simply put, the law does not require parties to engage in futile acts."). But *Posos-Sanchez* held that an NTA that does not include a hearing date and time—such as that served on Reyes-Mendoza—does not stop the clock for purposes of calculating the one-year presence requirement for voluntary departure. 3 F.4th at 1180. In other words, Reyes-Mendoza's appeal to the BIA was her first opportunity to request this relief. *See Gonzalez-Lara*, 104 F.4th at 1115 ("[W]hile an appeal is pending before the BIA, a motion to remand is the proper course of action for a petitioner to submit a new application for relief, especially when that application is based on a substantial

change in the law."). We thus grant the petition in part and remand to the BIA for further proceedings to determine whether Reyes-Mendoza may be eligible for post-conclusion voluntary departure.

**PETITION DENIED IN PART, GRANTED IN PART and REMANDED.**