Gebriel DAWIT, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 06–72458, 06–74589.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Judith L. Wood, Esq., Amina Diaz, Law Offices of Judith L. Wood, Human Rights Project, Los Angeles, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Virginia Lum, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

In these consolidated petitions, Gebriel Dawit, a native and citizen of Ethiopia, seeks review of the Board of Immigration Appeals' ("BIA") order adopting and af-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

firming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT") and the BIA's order denying his motion to reopen his removal proceedings and to reconsider its previous order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review the denial of a motion to reopen or to reconsider for an abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petitions for review.

Substantial evidence supports the agency's adverse credibility determination based on the material inconsistencies between Dawit's testimony and his affidavit. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). As the record does not compel the conclusion that Dawit's testimony was credible, he has not established eligibility for asylum, withholding of removal, or relief under CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

The BIA did not abuse its discretion in refusing to reopen Dawit's proceedings on the grounds that the psychological and medical evidence Dawit attached to his motion could have been discovered prior to his hearing, *see* 8 C.F.R. § 1003.2(c)(1); *see also Goel v. Gonzales,* 490 F.3d 735, 738 (9th Cir.2007) (holding that if evidence was capable of being discovered prior to the hearing, it cannot serve as the basis for a motion to reopen), and that, in light of the adverse credibility finding, the evidence of changed country conditions in Ethiopia was insufficient to establish a prima facie case for relief, *see Toufighi v. Mukasey,* 510 F.3d 1059, 1066–67 (9th Cir. 2007).

To the extent Dawit was seeking reconsideration, his motion was untimely. *See* 8 C.F.R. § 1003.2(b)(2).

## PETITION FOR REVIEW DENIED.