**Jesus Arcadio SAJCHE TECUM, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–70338.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 11, 2010.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Andrew Michael Knapp, Esquire, Cifuentes Knapp & Associates, Los Angeles, CA, for Petitioner.

John P. Devaney, Esquire, James Arthur Hunolt, Senior Litigation Counsel, M. Jocelyn Lopez Wright, Mona Maria Yousif, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE and FISHER, Circuit Judges.

## MEMORANDUM **

Jesus Arcadio Sajche Tecum, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his application for cancellation of removal and denying his motion to reinstate his previously withdrawn application for asylum and to reopen to apply for relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reinstate an asylum application. *Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 869 (9th Cir.2003). We review de novo questions of law and due process claims. *Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir.2008). We dismiss in part, deny in part, and grant in part the petition for review, and remand.

Sajche Tecum's contentions that the BIA applied an incorrect hardship standard and failed to consider relevant hard-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ship factors are not supported by the record and do not amount to colorable claims over which we would have jurisdiction. *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir.2009).

 Sajche Tecum has failed to show that the immigration judge's ("IJ") conduct violated his due process rights. The record does not indicate that the IJ was predisposed to deny Sajche Tecum relief from removal, and her manner of questioning Sajche Tecum did not rise to the level of a procedural due process violation. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir.2003).

 Sajche Tecum's due process claim regarding his son's testimony fails because his own counsel voluntarily proffered the witness' written statements in lieu of oral testimony. *See Kaur v. Ashcroft,* 388 F.3d 734, 737 (9th Cir.2004). Moreover, Sajche Tecum has not shown prejudice from the alleged violation. *See Cano–Merida v. INS,* 311 F.3d 960, 965 (9th Cir.2002).

 Sajche Tecum's due process claim regarding faulty translation also fails because he and his counsel agreed to proceed in Spanish, and he does not provide any direct evidence of incorrectly translated words, unresponsive answers, or any expression of difficulty understanding the translator. *See Perez–Lastor v. INS,* 208 F.3d 773, 778 (9th Cir.2000).

 The BIA did not abuse its discretion by denying Sajche Tecum's motion to reinstate his previously withdrawn asylum application because he offered no explanation for the withdrawal. *See INS v. Doherty,* 502 U.S. 314, 324, 327, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (no abuse of discretion by denying motion to reopen because applicant failed to satisfactorily explain his previous withdrawal of his asylum and withholding application).

Because the BIA failed to address Sajche Tecum's motion to reopen to apply for CAT relief, we remand for the BIA to determine if reopening is warranted. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("The BIA [is] not free to ignore arguments raised by a petitioner.").

Finally, Sajche Tecum's contention that the BIA failed to articulate its reasons for denying relief is not supported by the record.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; and REMANDED.**