**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LEONARDO OCAMPO IGNACIO, | No. 06-70600 |
| Petitioner, | Agency No. A072-441-405 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2010
San Francisco, California

Before: REINHARDT, W. FLETCHER and N.R. SMITH, Circuit Judges.

Leonardo Ocampo Ignacio petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

request to reinstate his asylum application and denying his Motion to Remand.[1] He

argues that his hearing before the IJ did not comport with due process. Because we

agree, we grant the petition and remand for a new hearing. We do not reach the

question whether the BIA abused its discretion in denying Ignacio's Motion to

Remand.

An asylum applicant's due process rights are violated when the IJ judges the

merits of his claim before hearing his testimony. *See Colmenar v. INS*, 210 F.3d

967, 971-72 (9th Cir. 2000); *see also Cano-Merida v. INS*, 311 F.3d 960, 964-65

(9th Cir. 2002). At Ignacio's first IJ hearing on November 13, 2003, the IJ stated

that she "d[id] not want [his asylum application] filed" and "propose[d] . . . that he

today withdraw his application . . . ." She later explained that the reason that she

had "encouraged, if not worse, [Ignacio's] counsel to have [Igancio] withdraw" the

asylum application was because, based on what appeared on the face of the

application, "it didn't appear that there was any viable claim." By prejudging

Ignacio's asylum claim before hearing his testimony and then pressuring him to

withdraw his asylum application, the IJ violated his due process right to a full and

fair hearing before a neutral judge. *See Cano-Merida*, 311 F.3d at 964. Although

---

[1]The BIA also affirmed the IJ's denial of Ignacio's application for
cancellation of removal. Ignacio does not contest that aspect of the BIA's
decision.

the IJ appears to have been well-intentioned, "[w]hether or not [she] believed [s]he was doing [Ignacio] a favor is irrelevant." *Id.* at 965.

"As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him. To demonstrate prejudice, an alien need demonstrate only that the IJ's conduct potentially . . . affect[ed] the outcome of the proceedings." *Reyes-Melendez v. INS*, 342 F.3d 1001, 1007 (9th Cir. 2003) (internal quotation marks and citations omitted) (alteration in original). Ignacio did not receive his asylum hearing at all. The subsequent proceeding did not cure this prejudice. There, the IJ denied Ignacio's request to reinstate his asylum application because he had not shown that his circumstances had changed since he withdrew it. Had Ignacio not withdrawn his application, he would not have had to establish changed circumstances in order to prevail on his asylum claim. Rather, he would have had to establish only a well-founded fear of persecution. The imposition of the additional requirement that he demonstrate changed circumstances "potentially . . . affect[ed] the outcome of his proceedings." *Id.* Accordingly, we grant the petition and remand to the BIA with instructions to remand to the IJ for a hearing on the merits of Ignacio's asylum application.

GRANTED and REMANDED.