**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENTINA MARINELA AVRAM, | No. 06-71345 |
| Petitioner, | Agency No. A078-184-759 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| FLORENTINA MARINELA AVRAM, | No. 06-72849 |
| Petitioner, | Agency No. A078-184-759 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted June 18, 2010[]
San Francisco, California

Before: BYBEE, N.R. SMITH, and TYMKOVICH,[***]   Circuit Judges.

Appellant Florentina Marinela Avram appeals the decision of the Board of Immigration Appeals (BIA) affirming her removability for entry fraud and denying her request for withholding of removal.  Avram's claims of error arise mainly from actions of the Immigration Judge (IJ) relating to his finding that she was also removable for marriage fraud.

Avram claims the IJ violated her due process rights when he admitted a hearsay statement from her ex-husband without making any attempt to procure the declarant for cross-examination, citing our decisions in *Hernandez-Guadarrama v. Ashcroft*, 394 F.3d 674, 681 (9th Cir. 2005), and *Saidane v. INS*, 129 F.3d 1063, 1066 (9th Cir. 1997).  We review due process challenges in immigration proceedings *de novo*.  *Zetino v. Holder*, 596 F.3d 517 (9th Cir. 2010).  However, the party claiming a due process violation must also show that the alleged error prejudiced her—in other words, the party must show that "the IJ's conduct

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Timothy M. Tymkovich, Circuit Judge for the Tenth Circuit Court of Appeals, sitting by designation.

potentially affected the outcome of the proceedings." *Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002) (internal punctuation omitted).

Even if we assume that the IJ's decision to admit this hearsay statement violated Avram's due process and statutory rights to cross-examine witnesses against her, she has not shown this error affected the determination that she was removable. Because Avram has not challenged the finding that she was removable for entry fraud, and because the record clearly supports this finding, she has failed to demonstrate prejudice.

Likewise, Avram's claims that her *Miranda* rights were violated are unavailing. Even if Avram was entitled to a *Miranda* warning during her visa interview under *United States v. Chen*, 439 F.3d 1037, 1042 (9th Cir. 2006) (immigration officials should give *Miranda* warnings during interviews if there is an "especially heightened risk" of prosecution), the protections of *Miranda* were not applicable to her deportation proceeding because "deportation proceedings are not criminal prosecutions, but are civil in nature." *United States v. Salgado*, 292 F.3d 1169, 1173 (9th Cir. 2002). Nor was she entitled to *Miranda* warnings during her deportation hearing. *Id.*

Additionally, Avram asserts that she was eligible for cancellation of removal for battered spouses. We lack jurisdiction to address this issue, because she failed

to raise it to the BIA. *See Cordon-Garcia v. INS*, 204 F.3d 985, 988 (9th Cir. 2000).

Finally, we review the BIA's decision to deny withholding of removal for substantial evidence. *Zetino*, 596 F.3d at 522. It is the burden of the applicant to supply sufficient evidence of past or likely future persecution to support a withholding of removal claim. *Id.* at 527. The BIA's determination that Avram was not eligible for this form of relief was "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *id.*, and therefore we will not disturb it on appeal.

**DENIED.**