FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE JESUS CHAVEZ BERMUDEZ and MARIA LEONARDA CHAVEZ PALACIOS, | No. 14-73022 |
|  | Agency Nos.    A075-591-268 |
| Petitioners, | A075-591-269 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, |  |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jose Jesus Chavez Bermudez and Maria Leonarda Chavez Palacios, natives

and citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' ("BIA") decision denying their fourth motion to reopen removal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen as untimely, where the motion was filed more than seven years after the BIA's final order, and petitioners failed to demonstrate materially changed country conditions in Mexico to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c); *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008) (to prevail on a motion to reopen based on changed country conditions, petitioner must demonstrate that the new evidence establishes prima facie eligibility for relief).

Petitioners' contention that the BIA did not meaningfully address the new evidence submitted with their motion to reopen is not supported by the record. *See Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (the BIA is not required to "discuss each piece of evidence submitted"). Accordingly, the BIA did not violate due process in denying the motion to reopen. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

14-73022

To the extent petitioners challenge the BIA's decision not to reopen proceedings sua sponte, we lack jurisdiction to review that determination. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.