NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODULIO ADONAY PADILLA-SARMIENTO, AKA Rodulio Padilla Adonay,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 15-71305<br><br>Agency No. A096-386-723<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017[**]

Before: McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Rodulio Adonay Padilla-Sarmiento, a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from an immigration judge's decision denying his application for relief

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT") and the motion to reconsider his claims for asylum and withholding of removal. We review for abuse of discretion the agency's denial of a motion for reconsideration, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and we review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in denying Padilla-Sarmiento's motion to reconsider his asylum and withholding of removal claims because he failed to identify a legal or factual error in the agency's prior decision. *See Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004). Thus, we deny the petition as to Padilla-Sarmiento's challenge to the agency's denial of his motion for reconsideration.

Substantial evidence supports the agency's denial of Padilla-Sarmiento's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Sinha v. Holder*, 564 F.3d 1015, 1025-26 (9th Cir. 2009) (denying CAT relief where the record did not compel the conclusion that petitioner would be tortured by or with the consent or acquiescence of the government). We reject Padilla-Sarmiento's contentions that the agency erred in its analysis. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010). Thus, Padilla-

15-71305

Sarmiento's CAT claim fails.

**PETITION FOR REVIEW DENIED.**