NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYNOR ROLANDO MELGAR-LOPEZ, | No.    20-70971 |
| Petitioner, | Agency No. A070-928-455 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2022[**]

Before:  SILVERMAN, KOH, and SANCHEZ, Circuit Judges.

Mynor Rolando Melgar-Lopez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reopen removal proceedings.[1]  Our jurisdiction is governed by 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[1]  Melgar-Lopez does not challenge the BIA's denial of his motion for termination.

§ 1252. We review for abuse of discretion the denial of a motion to reopen. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely Melgar-Lopez's motion to reopen because he filed the motion more than eight years after his final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (requiring motions to reopen to comply with the general 90-day filing deadline). Melgar-Lopez neither alleged nor demonstrated that any statutory or regulatory exception to the filing deadline applies. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (describing the circumstances under which the 90-day filing deadline does not apply). Melgar-Lopez also failed to establish grounds for equitable tolling of the filing deadline. *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (explaining that equitable tolling is available to an applicant who is prevented from timely filing a motion to reopen due to deception, fraud, or error).

We lack jurisdiction to review the BIA's denial of sua sponte reopening for Melgar-Lopez to seek adjustment of status because he did not show a legal or constitutional error that would invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review [BIA]

decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

We reject Melgar-Lopez's contentions that the BIA failed to consider the evidence presented in his motion to reopen, or otherwise failed to properly analyze his claims.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**